IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY ALLAN NALLY, JR.,

     **Plaintiff,**

v.                                                                   **CIVIL ACTION NO. 2:11cv85**
                                                                        **(Judge Bailey)**

**NORTHERN REGIONAL JAIL,**
**CHET RICHMOND, Corporal,**
**SHAR MASON, Director of Inmate Services,**
**JAMES SPENCER, NRJ Administrator,**
**DAVE SIMMONS, Lt. Chief of Operations,**
**TINA LAMP, Correctional Officer,**
**BRIAN RIGHT, Corporal**

     **Defendants.**

## REPORT AND RECOMMENDATION

## PROCEDURAL HISTORY

The *pro se* Plaintiff initiated this civil rights action on October 27, 2011. (Doc. 1) On November 1, 2011, the Plaintiff's Motion for Leave to Proceed *in forma pauperis* was granted, and he has since paid partial filing fees. (Doc 7, 9-11, 14-15) The Plaintiff filed his amended complaint on February 15, 2012. (Doc. 12-13) On May 8, 2012, the Defendants filed a motion to dismiss. (Doc. 29) This case is before the undersigned for a Report and Recommendation pursuant LR PL P 2.

## CONTENTIONS OF THE PARTIES

A. <u>Complaint</u>[1]

In the complaint, the Plaintiff asserts that the conditions at the Northern Regional Jail

---

[1] On the original complaint, the undersigned notes that the Plaintiff organized his claims from 1-5 and then attached two supporting documents that included six additional claims, organized 1-4 and 1-2 respectively. For organizational purposes, the undersigned has altered the Plaintiff's claims into one list of claims, numbered 1-11. The claims are in the order as they appear on the original complaint.

("NRJ") are so deplorable and unsanitary as to constitute a violation of his constitutional rights.

In support of his claims, the Plaintiff asserts the following grounds:

(1) Due to overcrowding, multiple inmates are living in one-man cells and forced to sleep on the floor.

(2) On October 4-5, Defendants Chet Richmond and Brian Right, as punishment, shut water access off in two cells. Consequently, the inmates in those cells were unable to drink water or flush their toilets.

(3) Prison officials are denying inmates access to received mail.

(4) Correctional Officers are making rude sexual comments to towards inmates, the Plaintiff included.

(5) Correctional Officers are threatening inmates. Specifically, the Plaintiff names Defendant Richmond, Defendant Right, and another named non-Defendant as the individuals who threatened him.

(6) From September 28 to October 1, Correctional Officers prohibited inmates from cleaning their cells or showers, creating unsanitary conditions.

(7) Defendant Tina Lamp spit in the inmates' food.

(8) Correctional Officers are making comments about inmates' convicted charges and using that information as punishment.

(9) Three to five inmates are living in cells designed for only one person.

(10) A Correctional Officer, who is not named as a Defendant in this complaint, harassed the Plaintiff.

(11) A Correctional Officer, who is not named as a Defendant in this complaint, opened the Plaintiff's cell and allowed other inmates to steal items from the Plaintiff's cell.

As relief, the Plaintiff seeks $800,000,000 in compensatory damages, as well as the Court to terminate the employment of the individuals who "caused pain and suffering to inmates." (Doc. 1, p. 11)

B. Amended Complaint

In the Plaintiff's amended complaint, he attached five separate inmate grievance forms apparently to indicate that he had exhausted his administrative remedies. (Doc. 12 pp. 1-6)

C. Motion to Dismiss

In their motion to dismiss, the Defendants assert the following:

(1) The Plaintiff's complaint should be dismissed due to the Plaintiff's failure to exhaust all available administrative remedies during his incarceration.

(2) The Plaintiff lacks the requisite standing to assert several claims described in his complaint, including: Claims One, Two, Three, Seven, Eight, and Nine.

(3) The Plaintiff's complaint fails to state a claim upon which relief can be granted.

(4) Any claim against Defendants Shar Mason and/or James Spencer and based upon a theory of *respondeat superior* should be dismissed as a matter of law.

## STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); See Also Martin at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly at 554-55. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## ANALYSIS

A. Northern Regional Jail

"Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."

Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, the Northern Regional Jail is not a proper party to this suit and should be dismissed.

  B.  Shar Mason, James Spencer, and Dave Simmons

In his complaint, the Plaintiff names Shar Mason in her capacity as the Director of Inmate Services at the NJR, James Spencer in his capacity as the NRJ Administrator, and Dave Simmons in his capacity as the Lt. Chief of Operations at the NRJ. However, the Plaintiff does not allege that any of these individuals were personally involved in the violation of his constitutional rights. Instead, the Plaintiff names them only in their official capacities.

There is no *respondeat superior* liability under § 1983. See Monnell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 for subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response

to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[2]

Because the plaintiff fails to allege any personal involvement on the part of these Defendants and does not make any allegations which reveal the presence of the required elements for supervisory liability, the Plaintiff fails to state a claim against Mason, Spencer, or Simmons. Accordingly, they should be dismissed as Defendants in this action.

C. Claims One, Two, Three, Seven, Eight, and Nine

In these claims, the Plaintiff asserts a multitude of claims concerning conditions and treatment experienced by other prisoners at the NRJ. The Plaintiff does not have standing to assert claims on behalf of other inmates in the above-captioned case. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(holding that a prisoner cannot act as a "knight-errant" for others). For these claims, the Plaintiff never alleges that the incidents alleged actually happened to him. The Plaintiff only asserts that the incidents in these claims happened to other inmates at the NRJ. Thus, to the extent the Plaintiff is attempting to raise claims on behalf of other inmates, those allegations should be disregarded as he has no standing to bring a claim on behalf of another person.

---

[2] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

D. <u>Claims Four and Five</u>

In these claims, the Plaintiff alleges unnamed Corrections Officers are verbally threatening and "making sexual acts and comments" toward inmates. First, verbal abuse by a corrections officer does not rise to the level of a constitutional violation. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997); <u>McBride v. Deer</u>, 240 F.3d 1287, 1291 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") Second, to simply allege that unnamed Corrections Officers initiated sexual acts towards inmates does not satisfy the "short and plaint statement" requirement in order to survive a motion to dismiss under the Federal Rules of Civil Procedure Rule 12(b). <u>Twombly</u> at 555. A claim must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 544. Since the Plaintiff failed to provide any facts to support his conclusory allegation against the unnamed Corrections Officers, this claim should be dismissed.

E. <u>Claim Six</u>

In this claim, the Plaintiff alleges that Correctional Officers prohibited inmates from cleaning their cells and showers for a total of four days. Consequently, the Plaintiff argues that he and other inmates temporarily lived in unsanitary conditions contrary to the Eighth Amendment. It should be remembered that "the Constitution does not mandate comfortable prisons" and prisons "cannot be free of discomfort." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981). Therefore, a deprivation of a basic human need is "only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). Here, the banning of inmates from

cleaning specific facilities for only four days does not rise to the level of a Constitutional violation.

## **CONCLUSION**

For the reasons set forth in this Opinion, the undersigned recommends that the Defendants motion to dismiss (Doc. 29) be **GRANTED** and plaintiff's complaint (Doc. 1) be **DISMISSED** for failure to state a claim.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b) (1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 15, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE